USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/7/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                        Plaintiff,

-v.-

JOHN DOE, *subscriber assigned IP address 70.18.60.5*,

                        Defendant.

25 Civ. 2008 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

       Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks to serve a subpoena on Verizon Fios, an internet service provider ("ISP"), to ascertain the identity of the John Doe Defendant in this case.

       Several judges in this District have previously addressed the legal issues raised in Strike 3's motion, ECF No. 6. *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 15 Civ. 7333, ECF No. 12 (S.D.N.Y. Oct. 8, 2015); *Malibu Media, LLC v. John Does 1-4*, 12 Civ. 2955, 2012 WL 3104887, at *2 (S.D.N.Y. July 31, 2012); *Digital Sin Inc. v. Does 1–27*, No. 12 Civ. 3873, 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012). For the reasons stated in those opinions, the Court finds that Strike 3 has established good cause to serve a third-party subpoena on John Doe's ISP and to do so prior to a Rule 26(f) conference. Strike 3 has established a *prima facie* claim of copyright infringement. Moreover, Strike 3 needs John Doe's identity in order to effect service. Finally, Strike 3 has no alternative means to ascertain John Doe's identity. The Court also concludes that there is good cause to issue a protective order in connection with this subpoena, considering the risk of false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, it is hereby ORDERED that:

1. Strike 3 may serve a Rule 45 subpoena on Verizon Fios—the ISP identified in its motion—to obtain information to identify John Doe, specifically his or her true name and current and permanent address. Strike 3 shall not subpoena the ISP for John Doe's email addresses or telephone numbers. The subpoena shall attach a copy of this Order, along with the attached "Notice to Defendant."

2. Verizon Fios will have 60 days from the date of service of the Rule 45 subpoena to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. Verizon Fios may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class U.S. mail or overnight service.

3. John Doe shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Verizon Fios may not turn over John Doe's identifying information to Strike 3 before the expiration of this 30-day period. Additionally, if John Doe or Verizon Fios moves to quash the subpoena, Verizon Fios may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing Verizon Fios to resume providing the requested discovery. Should John Doe move to quash the subpoena or to proceed anonymously, he or she shall, simultaneously with filing such a motion, also notify Verizon Fios so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions.

4. If the aforementioned 30-day period lapses without John Doe or Verizon Fios contesting the subpoena, then Verizon Fios shall have 10 days to produce to Strike 3 the information responsive to the subpoena.

5. Verizon Fios shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. Verizon Fios shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Verizon Fios elect to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3.

7. Strike 3 shall serve a copy of this Order, along with any subpoena issued pursuant to the Order, on Verizon Fios.

8. Any information ultimately disclosed to Strike 3 pursuant to its Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its Complaint.

Strike 3's motion for leave to serve a third-party subpoena on Verizon Fios is GRANTED.

The Clerk of Court is directed to terminate ECF No. 6.

SO ORDERED.

Dated: May 7, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

**NOTICE TO DEFENDANT**

1. You are a Defendant in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 70.18.60.5*, **Case No. 25 Civ. 2008 (JHR)**, a case now pending before the Honorable Jennifer H. Rearden, United States District Judge for the Southern District of New York.

2. Attached is Judge Rearden's Order, dated **May 7, 2025**, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, then all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The Plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted films on your computer.

5. The Plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The Plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the Plaintiff and you believe there is a legal basis for the ISP to withhold the information, then you may file a motion to "quash" or "modify" the subpoena. This must be done within **60 days** of the date that

you receive notice from your ISP that you are a Defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is solely for use by the Court, and the Court will not provide this information to lawyers for the Plaintiff unless and until it determines that there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. That means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines that there is no basis to withhold it.

10. If you want to proceed anonymously without moving to quash or modify the subpoena, then you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within **60 days** of the date that you receive notice from your ISP that you are a Defendant in this case. You should identify yourself in your letter by the case in which you are a Defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.